NOT FOR PUBLICATION (Doc. No. 8)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| Roberta HERMANN & Jene HERMANN, | Civil No. 15–6682 (RBK/AMD) |
| Plaintiffs, | **OPINION** |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendant United States of America's Motion to Dismiss Plaintiff Jene Hermann's claim pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons expressed below, Defendant's Motion (Doc. No. 8) is **GRANTED** and the Second Count of Plaintiffs' Complaint is **DISMISSED WITH PREJUDICE**.

**I.   LEGAL STANDARD**

A district court may treat a party's motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) as either a facial or factual challenge to the court's subject matter jurisdiction. *Gould Elecs., Inc. v. United States,* 220 F.3d 169, 176 (3d Cir. 2000). "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Id.* (citing *PBGC v. White,* 998 F.2d 1192, 1196 (3d Cir. 1993)). But "[i]n reviewing a factual attack, the court may consider evidence outside the pleadings." *Id.* (citing *Gotha v. United States,* 115 F.3d 176, 178–79 (3d Cir. 1997)). A district court has "substantial authority" to "weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen v. First*

1

*Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir. 1977). "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* If the court finds that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

## II.  BACKGROUND

On March 6, 2014, Plaintiff Roberta Hermann was involved in an accident in which she tripped and fell in the parking lot of the United States Post Office in Mount Ephraim, New Jersey. Compl. ¶ 3. Defendant United States of America owned and operated the Post Office. *Id.* On May 29, 2014, Ms. Hermann filed a Standard Form 95 ("SF95"), bringing an administrative claim against the United States Postal Service for the injuries she allegedly sustained from the March 6, 2014 incident. Def.'s Mot., Ex. A., Declaration of Richard Vannoy, III ("Vannoy Decl."). Ms. Hermann's SF95 does not assert a claim on behalf of Mr. Hermann. *Id.* There is no record of Mr. Hermann filing an administrative claim against the USPS related to the March 6, 2014 incident. *Id.*

On September 4, 2015, Plaintiffs Roberta Hermann and Jene Hermann filed their Complaint in this Court against the United States of America (Doc. No. 1). Ms. Hermann alleges that the accident and her resulting injuries were caused by the Defendant's negligence in failing to maintain the parking lot; Mr. Hermann claims loss of consortium and seeks reimbursement for medical expenses. Compl. ¶¶ 3–4, 6. Defendant filed this Motion to Dismiss Mr. Hermann's claim on March 21, 2016 (Doc. No. 8). Plaintiffs did not oppose the Motion.

**III.     DISCUSSION**

To bring suit against the United States under the Federal Torts Claims Act ("FTCA"), a plaintiff must first have "presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency[.]" 28 U.S.C. § 2675(a). The FTCA's administrative exhaustion requirement is "jurisdictional and cannot be waived." *See Roma v. United States,* 344 F.3d 352, 362 (3d Cir. 2003), *cert. denied*, 543 U.S. 874 (2004). Strict compliance with Section 2675(a) is required to establish subject matter jurisdiction over an FTCA suit. *See e.g.*, *Livera v. First Nat'l State Bank of N.J.*, 879 F.2d 1186, 1194 (3d Cir. 1989). A spouse suing for loss of consortium must comply with the administrative exhaustion requirement. *See Nazzaro v. United States*, 304 F. Supp. 2d 605, 622 (D.N.J. 2004). A plaintiff asserting an FTCA claim bears the burden of establishing that an administrative claim was presented to the appropriate agency. *See Livera*, 879 F.2d at 1195.

Defendant offers as evidence the declaration of Richard Vannoy III, an attorney with the United States Postal Service National Tort Center in the St. Louis, Missouri General Law office. *See* Vannoy Decl. ¶ 1. Mr. Vannoy attests that he searched the relevant records and found that Mr. Hermann did not file a claim. *Id.* Because Mr. Hermann has not filed an administrative claim, he has not exhausted his administrative remedies under Section 2875(a). He therefore fails to establish that this Court has subject matter jurisdiction over his claim.

There is a two year limit on presentment. *See* 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . or unless [court] action is begun with six months . . . ."). These time bars are strictly construed. *See Medina v. City of Philadelphia*, 219 Fed. Appx. 169, 172 (3d Cir. 2007). More than two years have passed since

the date of the subject incident, and Mr. Hermann's time to file an administrative tort claim has expired. It would be futile for Mr. Hermann to amend his claim, and this Court will therefore dismiss his claim with prejudice.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED** and the Second Count of Plaintiffs' Complaint is **DISMISSED WITH PREJUDICE**. The Clerk shall be directed to terminate Mr. Hermann as a party to this action.

Dated:   06/27/2016                                                                             s/ Robert B. Kugler

                                                                                                                       ROBERT B. KUGLER

                                                                                                                       United States District Judge